IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

BRUGNARA PROPERTIES VI

    Debtor.

_____/

BRUGNARA PROPERTIES VI,

    Appellant,

  v.

KAY BRUGNARA, *et al.*,

    Appellees.

_____/

KAY BRUGNARA,

    Appellant,

  v.

OFFICE OF THE U.S. TRUSTEE/SF and
JANINA M. HOSKINS, Chapter 7 trustee,

    Appellees.

_____/

No. C 18-02787 WHA
No. C 18-02822 WHA
No. C 18-02823 WHA
No. C 18-03440 WHA

**ORDER TO FILE BRIEFING AND VACATING HEARING**

    This order concerns the cluster of appeals challenging the bankruptcy court's conversion of the case from a Chapter 11 to a Chapter 7 in the *In re Brugnara Properties VI* proceedings. Appellants have failed to file any briefing in support of their appeals. Mr. Paul Greenfield, a

secured creditor and proposed intervenor, now moves to, *inter alia*, dismiss the appeals. This order follows full briefing.

Pursuant to Local Rule 7-1(b), this order finds the motions suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for December 13. For the reasons explained below, appellants are ordered to file their opening briefs on appeal by **DECEMBER 21 AT NOON** and creditor Greenfield's motions are **DENIED AS MOOT**.[*]

On June 7, during the hearing on the motion for an emergency stay, appellees argued that the instant appeals concern only the bankruptcy court's conversion of the case from a Chapter 11 to a Chapter 7 and that the IRS and FTB tax liens and nominee status of the debtor did not have any impact on the bankruptcy court's decision to convert. That argument was not supported by the record. The subsequent order from the bench (memorialized in the June 7 written order) stayed the sale of the family residence pending the bankruptcy court's ruling on whether or not Brugnara Properties VI (the home owner) is a nominee and/or alter ego of Luke Brugnara (the delinquent taxpayer) (Case No. 18-02787 Dkt. Nos. 26 at 5–9, 37–41; 21).

Creditor Greenfield moves to consolidate the appeals related to the bankruptcy court's denial of the motion to reconsider conversion (Case Nos. 18-02787, 02822, 02823, and 03440) and to dismiss them for failure to file any briefing (Case Nos. 18-02787, 18-02822), lack of prosecution, failure to follow court orders (Case No. 18-03440), and lack of jurisdiction (Case No. 18-02823) (Case No. 18-02822, Dkt. No. 60). Creditor Greenfield also renews his motion to vacate the stay (Case No. 18-02822, Dkt. No. 62).

An appellant must file the record on appeal and a statement of the issues to be presented. FRBP 8009(a). Trustee Janina M. Hoskins submitted the audio recording from the bankruptcy court's hearing on the *Trustee's Report Under Bankruptcy Code § 1106(a)(5) and Recommendation to Convert Case to a Case Under Chapter 7 of the Bankruptcy Code* on June 11 (Case No. 18-02787, Dkt. No. 24-2). Given the close relationship of the appeals, a

---

[*] The following motions are **DENIED AS MOOT**: Case No. 18-02787, Dkt. No. 29; 18-02822, Dkt. Nos. 60, 62, 66; 18-2823, Dkt. No. 6; and 18-3440, Dkt. No. 3.

2

single submission will suffice. (Appellants, however, are **ORDERED** to file a written transcript of the bankruptcy court's hearing as well.)

The failure to brief is another matter.

Appellants' failure to take any required step other than the timely filing of a notice of appeal is grounds for dismissal of their appeals. FRBP 8003(a)(2). Dismissal, however, would be premature at this stage. *See Greco v. Stubenburg*, 859 F.2d 1401 (9th Cir. 1988) (alternative measures to dismissal must first be considered). Nonetheless, the lackadaisical pace of these appeals is at an end.

Before reaching the merits of the appeals or the standing of the parties and creditor Greenfield, all appellants in the above cases are hereby ordered to file their initial briefs on appeal by December 21 at noon. All briefing should include a section on each appellant's standing and clarify this court's jurisdiction to review the issue(s) raised. Failure to comply or address these issues in good faith may result in dismissal of the appeals.

Creditor Greenfield also renews his motion to vacate the stay, and the Chapter 7 trustee of the Brugnara Properties VI estate joins, requesting that the stay should be lifted effective January 31, subject to the debtor seeking a further stay (Case No. 18-02822, Dkt. Nos. 62, 65). That request is **DENIED** without prejudice, as it presumes the bankruptcy court will issue its ruling on the same day as the evidentiary hearing.

\*         \*         \*

In sum, all appellants in the above listed cases shall file their briefs on appeal by **DECEMBER 21 AT NOON**. Failure to comply may result in the dismissal of the appeals. The audio recording of the bankruptcy court proceedings must be supplemented with a written transcript. The December 13 hearing is **VACATED**. The stay issued on June 7 remains in effect

pending the bankruptcy court's ruling.  In no event shall this order be used to continue the January 2019 hearing before the bankruptcy court.

**IT IS SO ORDERED.**

Dated:   December 10, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE