IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

BRUGNARA PROPERTIES VI

Debtor.

No. C 18-02787 WHA

**ORDER DENYING LUKE BRUGNARA'S MOTIONS**

In this (now closed) bankruptcy appeal involving debtor Brugnara Properties VI's ("BPVI") challenge to the bankruptcy court's conversion of its case from Chapter 11 to a Chapter 7 — *In re Brugnara Properties VI*, No. 17-30501 DM — BPVI's former president, Luke Brugnara, filed an "Emergency Request for Continued Stay of Any Eviction of Brugnara Family from Sea Cliff; Request for Rulings on Pending Appeal of Nominee Lien Ruling and Motion to Rescind 'Settlement Agreement'; and Affirmation of Sea Cliff Leasehold" (Dkt. Nos. 53–55). He further seeks to proceed *in forma pauperis*, have his notice of appeal and request for a stay sent to our court of appeals, and "be placed in custody of the US Marshal at Parumph" (Dkt. Nos. 52; 57 at 4–5). All requests are **DENIED**.

Prior orders have set forth the background of this case (*see, e.g.*, Case No. 18-2822, Dkt. Nos. 55, 68, 75). In short, in May 2018, BPVI filed the instant appeal (as did BPVI's principal and shareholder, Kay Brugnara, in related dismissed appeals) of the conversion of its case to Chapter 7. It then immediately sought an emergency stay of the sale of its sole asset, the Sea Cliff property, where Kay Brugnara and her family then-resided (Dkt. No. 2). An order dated June 7, 2018, granted the request to stay the sale of the property pending a ruling by the bankruptcy court on the nominee liens (asserted by the IRS and FTB) issue (Dkt. No. 21). On

July 22, 2019, the bankruptcy court granted the taxing authorities' motion for summary judgment on the nominee liens issue in *Brugnara Properties VI v. United States of America, Department of Treasury, Internal Revenue Service; State of California, Franchise Tax Board*, Adversary Proceeding No. 17-03071 (*see* Dkt. No. 41). The parties subsequently reached a settlement and Trustee Janina Hoskins filed a "Motion to Compromise Controversy (Kay Brugnara, Brugnara Properties VI)" before the bankruptcy court. On August 19, Trustee Hoskins and her counsel Attorney Michael Isaacs, BPVI and its counsel Attorney Ruth Auerbach, Kay Brugnara (appearing on behalf of herself, individually), the IRS, and the FTB appeared before the bankruptcy court regarding said motion. The following day, the bankruptcy court granted the motion, which order authorized, *inter alia*, Trustee Hoskins to pay Kay Brugnara $20,000 (to be used solely for expenses directly related to vacating the property at issue) and list the property for sale (*id*. at 3–4). Pursuant to the settlement agreement, the parties stipulated to dismissal of the instant appeal and the appeal before our court of appeals (Dkt. No. 50). BPVI also agreed to waive its right to appeal the bankruptcy court's judgment on the nominee liens issue (Dkt. No. 56-1 ¶ 4(g)). An order dated August 21 dismissed the instant appeal pursuant to the parties' stipulated request and vacated the order staying the sale of the Seal Cliff property (Dkt. No. 51). On October 6, Kay Brugnara vacated the property (Dkt. No. 56-1 ¶ 4(d)).

Now, Luke Brugnara — Kay Brugnara's husband and former president of BPVI — filed the instant motions, taking issue with the bankruptcy court's ruling on the nominee liens issue and requesting again to stay the sale of the Sea Cliff property (Dkt. No. 53 at 1). He asserts that the settlement agreement is invalid because he did not approve it. But Luke Brugnara himself states that he has not been president of BPVI since 2014 (*ibid*.). Rather, Kay Brugnara has been president and sole shareholder during the relevant time period (*see* Dkt. No. 3 ¶ 1). Luke Brugnara fails to sufficiently show why his approval of the settlement was required.

Furthermore, this attempt to appeal the bankruptcy court's nominee lien ruling is procedurally improper. As the Trustee points out, Luke Brugnara has failed to comply with Federal Rule of Bankruptcy Procedure 8007 by failing to move before the bankruptcy court first

in seeking a stay. Nor has he complied with Federal Rule of Bankruptcy Procedure 8009, as there is no evidence that he filed with the bankruptcy clerk "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). His *pro se* status does not negate his procedural obligations.

The Court has leaned over backwards to protect the Sea Cliff home from premature sale and insisted that the nominee liens issue be resolved before any trustee sale, which resolution eventually occurred. Kay Brugnara (the current president of BPVI) has now settled the matter. There is now absolutely no basis for the Court to interfere further in the proceedings before the bankruptcy court.

Luke Brugnara is currently incarcerated. He claims he "should be released from Texas Beaumont prison to the RRC by mid-October" and further claims that "[t]he First Step Act Federal Law allows [him] immediate home confinement from the RRC, so [his] US Probation, Jennifer James, has already approved Sea Cliff for" him (Dkt. No. 55 at 1). To be clear, Luke Brugnara does not have a "[f]ederal legal right[] to occupy Sea Cliff," as he contends (*see* Dkt. No. 55 at 2). No federal law entitles anyone to live in a multi-million dollar home, as part of "home confinement," to which he does not have title. At bottom, the ultimate relief Luke Brugnara seeks is moot, as the Brugnaras have already vacated the property. And, his complaints of "BOP Beaumont" (*see* Dkt. No. 57) in this bankruptcy appeal are misdirected and improper. No more motions in the instant appeal (or any related dismissed appeals) will be entertained.

**IT IS SO ORDERED.**

Dated: October 29, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE